IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY HOUSTON, | ) | CASE NO. 1:16 CV 0074 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Stanley Houston filed the above-captioned action against the United States Social Security Department. In the Complaint, he appears to indicate he wants social security disability benefits. He asks this Court to grant him his rights in black lung.

**Factual and Procedural Background**

Plaintiff's Complaint is disjointed and incoherent. In its entirety, his Complaint states:

> The nature of litigants of cases or complaints is very very inconsiderate under Bill of Rights #4190 civil rights amendment. The social security act and the social security disability beneficial facts his/her appeals were denied in the Supreme Court of Appeals for several countys [sic]. Mr. Houston parties black lungs and social security administration act, workman's compensation, IRS, court, Bankruptcy court, tax court of appeals, unemployment court, civil court and civil division and appellate court of appeals criminal rule civil procedure and federal rules civil procedures the Department of Health and Human Resources [sic] and Health and (unintelligible) The Department of Education on post Secondary Education Best Wishes to Mr. Houston, Endeavours [sic].

(ECF No. 1 at 3-4). He asks this Court to "grant the U.S. Government plaintiff his/her rights in black

lung and jurisdiction (unintelligible) issue the court resolve or handle with hassle [sic] or false information (unintelligible) of the client means or benefits." (ECF No. 1 at 5).

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

To the extent Plaintiff is seeking social security benefits, this Court lacks jurisdiction to address his claim. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) exhaustion of administrative remedies, and (2) a final decision issued by the Commissioner of Social Security. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). Before an individual may obtain judicial review of a claim for benefits, he or she must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). When an individual has completed these four steps, the agency will have made its final decision and the individual may request judicial review by filing an action in a federal district court. *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F.Supp.2d 770, 773 (N.D. Ohio 2002).

Plaintiff's Complaint suggests his "appeals were denied in the Supreme Court of Appeals for several countys [sic]." (ECF No. 1 at 3). This is not sufficient to suggest Plaintiff exhausted his administrative remedies before seeking judicial review.

To the extent Plaintiff was attempting to assert some other type of claim, he failed to do so.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Plaintiff does not identify any cause of action in his Complaint and none is apparent on the face of the pleading. Even liberally construing the Complaint, there is not a sufficient indication that Plaintiff is asserting a claim for which the United States waived its sovereign immunity. *See Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 581 (2d Cir. 2000)(finding that agencies, instrumentalities, and officers of the federal government cannot be sued under antitrust laws); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991)(stating that a *Bivens* claim cannot be asserted against the United States government or its employees in their official capacities).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 21, 2016

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.